IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
SHAWN P. KELLY,                     )
                                    )
           Plaintiff,               )
                                    )
     v.                             )    No.  10 C 4229
                                    )
McGRAW-HILL COMPANIES, INC.,        )
                                    )
           Defendant.               )
```

MEMORANDUM ORDER

McGraw-Hill Companies, Inc. ("McGraw-Hill") has filed its Second Amended Answer ("SAA") to the lengthy multicount Complaint brought against it by its former independent sales representative Shawn Kelly. As reluctant as this Court may be (and is) to send McGraw-Hill's counsel back to the drawing board once again, for the reasons stated in this memorandum order it is constrained to do so to a very limited extent.

This Court had earlier responded to McGraw-Hill's Fed. R. Civ. P. ("Rule") 12(b)(6) motion targeting the Complaint by granting the portion of the motion that called for the dismissal of Complaint Count II. Because of that dismissal, what McGraw-Hill's counsel have now done in their current pleading is to leave totally unanswered, in the response to each of Counts III and IV, the Complaint's allegations in Count II ¶¶32 through 43.

But even a moment's thought should have alerted counsel to the fact that the Count II dismissal does not equate to a ruling that some of its allegations, incorporated by reference into

other counts, need not be answered.  To be sure, this Court has rejected the procuring-cause theory of the case embraced in Count II, but a reading of the omitted paragraphs makes it plain that a Count III or Count IV answer without responding to those incorporated-by-reference paragraphs results in an incomplete pleading.

Accordingly McGraw-Hill's counsel is ordered to amend the portion of the SAA adverted to here by responding to the presently-ignored paragraphs of Complaint Count II.  That of course does <u>not</u> require a complete rewriting--only an amendment closing the gaps.  That amendment to the SAA must be filed on or before October 12, 2010.

_____
Milton I. Shadur
Senior United States District Judge

Date:   September 28, 2010