IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

SHAWN P. KELLY,                  )
                                 )
            Plaintiff,            )
                                 )
      v.                         )    No.  10 C 4229
                                 )
McGRAW-HILL COMPANIES, INC.,     )
                                 )
            Defendant.            )

## MEMORANDUM OPINION AND ORDER[1]

This memorandum opinion and order is occasioned by a motion that is highly unusual in nature, perhaps even unique in this Court's long tenure on the bench: Counsel for plaintiff Shawn Kelly ("Kelly") has filed a motion asking leave to serve requests to admit, and counsel for defendant McGraw-Hill Companies, Inc. ("McGraw-Hill") has opposed such leave on the premise that the request should have been forthcoming at least 30 days before the November 17, 2011 discovery cutoff date that this Court had ordered pursuant to the parties' joint representation that all discovery had been completed. In the eyes of defense counsel (perhaps seeking to emulate Gertrude Stein's famous quote, "Rose is a rose is a rose is a rose"), once the "discovery" label is attached to requests to admit, that concludes the matter

---

[1] This opinion memorializes (and expands a bit on) this Court February 2, 2012 in-court oral ruling. As the text will reflect, the caselaw that inflexibly characterizes Fed. R. Civ. P. ("Rule") 36 requests to admit as a "discovery" measure has failed to take into account an important consideration that invalidates such a simplistic response.

("discovery is discovery is discovery...").

When the matter is looked at in depth rather than in purely surface terms, however, the more appropriate aphorism is one traditionally attributed to one of this Court's favorite sources of legal analysis in common-sense terms, Abraham Lincoln:

> If you call a tail a leg, how many legs has a dog?
> Five?  No, calling a tail a leg don't make it a leg.

Perhaps more accurately in the current context, that conclusion must at a minimum be recast as "No, calling a tail a leg doesn't always make it so."  And that is so because the absolutist stance urged by McGraw-Hill's counsel is both illogical and contrary to common sense if applied to the current situation--indeed, it actually conflicts with the principles and doctrines that are applicable to discovery of the classical types that are addressed in Rules 26 through 35.

To be sure, Rule 36 is indeed part of Chapter V of the Rules, which embraces Rules 26 through 37 and is entitled "Disclosures and Discovery."  It follows at the very end of the earlier substantive provisions in that Chapter V, because the only later rule--Rule 37--deals with remedies and sanctions for violations of those substantive provisions or violations of Rule 36.

But note that the next chapter, Chapter VI (which begins with Rule 38) is captioned "Trials."  Rule 36 obviously (and clearly) could not comfortably be placed under that rubric, for

it is not really a trial issue of itself--though importantly, its subject matter does deal with preparation for trial.

In conceptual terms requests to admit are really sui generis, fitting neither under the Chapter V nor the Chapter VI heading, though the drafters of the Rules can scarcely be faulted for their not having established a separate chapter heading for the single Rule 36. There is a far more nuanced and wholly accurate characterization of requests to admit by the authors of the chapter in Moore's Federal Practice (3d ed. 2011)(hereafter simply "Moore's") that deals with Rule 36. Here is what District Judge Claudia Wilken and her coauthor Professor Robert Bloom say at 7 Moore's §36.02[1](footnotes and numerous citations omitted):

> Although Rule 36 is included in the division of the Rules of Civil Procedure covering depositions and discovery, requests for admission are distinguishable from other discovery devices. While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute.
>
> Because requests for admission are used to establish admission of facts about which there is no real dispute, they can be particularly helpful in expediting and streamlining litigation. Likewise, requests for admission can save litigants valuable time and substantial money, which would otherwise have to be spent unnecessarily either to prove certain facts at trial, or to establish certain facts through complex, costly discovery procedures, such as interrogatories, depositions, and requests for the production of documents, when such facts are not contested. Many courts have stressed this aspect of the efficacy of requests for admission.

3

What McGraw-Hill's counsel fails to perceive (or might perhaps prefer not to acknowledge) is that requests to admit come in what are two really different flavors. And the fundamental difference between those two types of requests calls for very different treatment (as George Orwell's now-classic quip from Animal Farm has it, "All animals are equal, but some animals are more equal than others").

In one type of situation, the requesting party has not actually established an agreed-upon fact by agreement or through the various forms of conventional discovery that are set out in Rules 26 through 35 but nonetheless asks the other party to admit that factual matter, understanding that a nonadmission within the 30-day period allowed by Rule 36(a)(5), if the requesting party is then successful in proving the fact at trial, will trigger the shifting of the fees and expenses incurred in proving the matter at trial (see Rule 37(c)(2)). To quote again from Moore's, this time at 7 Moore's §37.70 (again with footnotes omitted, but this time with emphasis added):

> If a party fails to admit what is requested under Rule 36, and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. Expense shifting sanctions must be imposed unless: (1) the request was held objectionable under Rule 36(a)(see §37.74[2]), (2) the admission sought was of no substantial importance (see §37.74[3]), (3) the party failing to admit had a reasonable ground to believe that it might prevail on the matter (see §37.74[4]), or (4) there was

4

other good reason for the failure to admit (<u>see</u> §37.74[5]).

If that sort of "gotcha!" tactic were at work, involving a real effort at the discovery of a not-yet-established fact with a sort of in terrorem price tag attached to it, the responding party could well insist that the request-to-admit procedure should be launched early enough so as to fit within paragraph 4 of this District Court's Standing Order Establishing Pretrial Procedure, adopted pursuant to LR 16.1:

> In cases subject to this Standing Order, the court will, at an appropriate point, set a discovery closing date. Except to the extent specified by the court on motion of either party, discovery must be completed before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order.

But a sharp contrast is posed by requests to admit of the type involved here. Those are exemplified by the description set out in paragraph 4 of Kelly's motion:

> Therefore, seeking to narrow the issues that now need to be resolved at trial, plaintiff served on January 24, 2012 requests to admit facts and the genuineness of certain documents pursuant to Fed. R. Civ. P. 36 in order to identify and eliminate issues that the parties do not need to present to the jury for resolution. A copy of the requests is attached as Exhibit 1. By way of example, plaintiff requested that defendant admit: "The total amount of re-orders of Everyday Mathematics Products placed by California schools with defendant in 2009 was $1,378,905.69" (Request No. 1); "The genuineness of the document attached hereto as Exhibit A entitled 2009 Sales by ISBN Reorders" (Request No. 10); and "Plaintiff sold over $4,000,000 worth of defendant's Everyday Mathematics Products between January 1, 2008, and

5

> December 31, 2009" (Request No. 18). These and plaintiff's other requests do not seek to conduct discovery, but seek to obtain admissions of facts already learned through the discovery process.

Note how illogical and at war with common sense the doctrinaire McGraw-Hill position is in that context. In order to launch such a request to admit at least 30 days before the designated close of discovery deadline, as McGraw-Hill would have it, the true discovery request that seeks to ascertain the requested facts would necessarily be required to have been launched more than <u>60</u> days before that close of discovery deadline, so as to give the responding party the 30-day period that is permitted, for example, for responding to interrogatories under Rule 33(b)(2). Indeed, the launch date of the true discovery request would often have to take place a good deal more than 60 days before the close-of-discovery deadline, to allow for any possible objections to discovery and the time needed to resolve those objections.

Thus what McGraw-Hill's approach would require is a conversion of the designated close-of-discovery timetable to one that is impermissibly prolonged, because it would force the requesting party to go back far enough to allow for not one but two successive 30-day intervals plus whatever time might be needed to resolve anything that is disputed. Not only logic and common sense, but also the very purpose of setting realistic and workable timetables, would be frustrated by the adoption of such

6

a notion.

With true discovery having been completed, as is the case here, Kelly's position is right and McGraw-Hill's is wrong.[2] And that being said, it is really unnecessary to parse the various caselaw opinions that the parties have tendered.

For example, our Court of Appeals' opinion in <u>Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.</u>, 298 F.3d 600, 606 (7th Cir. 2002), which reserved the question "whether requests for admission are a discovery device or should be characterized otherwise" (<u>id</u>. n.2), dealt with an extreme example of the first type of request discussed here--one in which the challenged request had been served less than 30 days before the scheduled trial (a clear case of untimeliness). And the other decision by a court whose decisions are precedential, <u>Fed. Mar. Comm'n v. S.C. State Ports Auth.</u>, 535 U.S. 743, 758 (2002), provides no real support for McGraw-Hill's inflexible approach, even apart from the context of the discussion there having posed no need to

---

[2] This opinion should not be mistaken as a blanket approval of the manner in which Kelly's counsel has framed the requests to admit. For example, no justification exists for framing multiple requests that ring all possible changes on the established figure of $1,378,905.69 referred to in the earlier quotation from Kelly's motion. This Court expects instead that the able counsel for both litigants will meet and confer as prescribed by this District Court's Rule 37.2 to distill the requests down to a reasonable and nonrepetitive number and to iron out any other disputes as to their nature, with this Court of course remaining available to resolve any differences that may remain.

7

speak to the issues posed here.[3]

In sum, Kelly's motion seeking leave to serve requests for admission is granted. As indicated earlier, it will be left to counsel to work out the particulars of implementing the requests and responses. Lastly, the previously-established schedule for the parties' development and submission of the joint proposed Final Pretrial Order will remain in place.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 7, 2012

---

[3] As for District Court opinions that do or do not characterize requests to admit as "discovery" vel non, they are not only nonprecedential but also lack analysis of the sort essayed here.