IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWN P. KELLY, etc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10 C 4229 |
| McGRAW-HILL COMPANIES, INC., | ) ) ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Following the issuance of this Court's August 31, 2012 memorandum opinion and order ("Opinion"), the currently live issues between plaintiff Shawn Kelly ("Kelly") and defendant McGraw-Hill Companies, Inc. ("McGraw-Hill") are (1) their respective motions for sanctions against each other and (2) Kelly's motion for an award of attorney's fees and costs. This memorandum opinion and order is limited to the latter issue, with the cross-motions for sanctions remaining under consideration.

After a thorough review of Kelly's initial submission (Dkt. 126), McGraw-Hill's objections (Dkt. 129) and Kelly's reply (Dkt. 135), this Court is constrained to agree with this pungent conclusion from page 1 of Kelly's reply:

> Rather than employ objective means to show purported unfairness or dishonesty, McGraw-Hill relies on its own subjective view of its opponent's argument. After dissipating the smoke from this obfuscatory attempt at framing the issue, what becomes clear is that it is McGraw-Hill's characterization of Kelly's calculation that is neither fair nor honest.

This opinion will first set out the legal predicate for Kelly's recovery, then will turn to the parties' submissions.

Here is the relevant language from Section 3 of the Illinois Sales Representative Act (the "Act," 80 ILCS 120/3) after the portion of that section that specifies damages for its breach:

> A principal who fails to comply with the provisions of Section 2 concerning timely payment or with any contractual provision concerning timely payment of commissions...shall pay the sales representative's reasonable attorney's fees and court costs.

Maher & Assocs., Inc. v. Quality Cabinets, 267 Ill.App.3d 69, 81, 640 N.E.2d 1000, 1009 (3d Dist. 1994) teaches that, in contrast to the pejorative holding required for the award of exemplary damages:

> However, no showing of culpability is necessary for the imposition of reasonable attorney fees and court costs under the Sales Act because these damages are compensatory and not punitive and because the plain language of section 3 of the Sales Act provides that attorney fees and costs "shall" be imposed for a violation of section 2 of the Sales Act.

Hence an award of attorney's fees and costs is mandatory when the sales representative shows (1) that he was entitled to the commissions and (2) that the principal failed in its obligation for their timely payment.  And on that score, the Opinion expressly found that both of those requirements had been fully satisfied and awarded Kelly summary judgment for $172,363

in commissions due under the contract between the parties.[1]

Kelly's counsel has been meticulous in identifying the fees applicable to those unpaid commissions in this multicount, multiclaim case in which each party has been partially successful and partially unsuccessful. First his counsel carefully eliminated all time that was identified as primarily or exclusively related to his unsuccessful claims. Then, having done so, Kelly's counsel reduced the remaining fee figure ratably to reflect Kelly's degree of success on his claims under the Act.[2] Kelly's approach originally called for an award of 77% of those remaining fees, but his counsel has later reduced that to 74% because of the one legitimate point made in McGraw-Hill's response.[3] As a result, Kelly's ultimate claim comes to $209,715.80 in fees and $22,896.11 in costs.

---

[1] For that purpose neither party has contested the existence or validity of the 2008 Sales Representative Agreement between them or the application of the Act to their relationship.

[2] That approach conforms to the teaching in the seminal decision in Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983) as to the award of fees in multiclaim litigation:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, but it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.

[3] That reduction was based on the elimination of the expense reimbursement claim of $37,598.46 from both the numerator and the denominator in Kelly's calculation.

By contrast, McGraw-Hill has put forth a series of untenable arguments reminiscent of the Russian defense of Stalingrad in World War II, reluctantly retreating one figurative street at a time as its successive arguments have been exposed as meritless. It is of course important to recognize that in major litigation such as this case involving numerous issues, the precise allocation of time in an exercise of hindsight is necessarily imprecise. But McGraw-Hill's efforts to slice and dice the individual entries to generate a minimalist figure does it no credit. And its meretricious efforts to wield a meat cleaver to hack away at Kelly's claim are even more troubling, for it proffers arguments that do serious damage to its overall credibility.

Thus McGraw-Hill initially urged that an apt basis for evaluating the time spent by Kelly's counsel was to compare Kelly's recovery on the commission claim with a pre-suit demand letter encompassing all of Kelly's claims--a totally inapt theory of allocation, under which only 8% of Kelly's total time charges would be awardable as fees. When that premise was shot down, McGraw-Hill compounded its inattention to proper standards by urging incorrectly that because Kelly's recovery on the renewal commissions claim was less than the $330,000 Fed. R. Civ. P. ("Rule") 68 offer that McGraw-Hill had made for a total

settlement of the litigation,[4] Rule 68 (which was of course totally inapplicable to the situation) somehow disentitled Kelly to the payment of fees incurred after the offer was not accepted. Even apart from the sheer irrelevancy of the consequence that Rule 68 places on an unaccepted offer of judgment, any application of McGraw-Hill's two bogus arguments in combination (that is, if its counsel were to be consistent) would allocate just 8% of the $330,000 offer to the commissions claim. In that event the actual award of nearly $200,000 in commissions would dwarf the $26,400 or so that would be proportionately applicable to that claim for commissions out of the $330,000 offer.

    Nor does McGraw-Hill's effort to call to its aid the decision in Moriarty v. Svec, 233 F.3d 955, 967 (7th Cir. 2000) support its position. Indeed, McGraw-Hill's total settlement offer for the entire case--$330,000 including any fees--would turn out to be less than Kelly's total recovery of damages plus appropriate fees attributable to its successful claim for commissions. In that respect Lenard v. Argento, 808 F.2d 1242, 1245 (7th Cir. 1987) has labeled an argument similar to that advanced by McGraw-Hill here as "frivolous," observing that "the offer...was inclusive of fees. [Plaintiff] went on to obtain a judgment for damages and fees that, combined, is more than twice

---

    [4] In hindsight Kelly might have been better advised to accept that offer, but he did not--and that turndown cannot be used to torpedo the lodestar approach taken by Kelly here.

as large as the offer."

This opinion has admittedly been highly critical of the arbitrariness with which McGraw-Hill has approached the issue of the fee award that the Illinois Act has established an entitlement on the part of an unpaid sales representative such as Kelly. Lest it be mistakenly thought that such criticism has been unwarranted, McGraw-Hill's niggardly approach may perhaps be judged best by the final sentence of its 16-page memorandum on the curent motion, in which it "respectfully requests the Court to award Kelly $18,037.65 in fees and expenses." How generous--and how unsupportable in any reasonable and rational terms.

In sum, this Court finds Kelly's request for attorney's fees and costs to be sound in both principle and amount. McGraw-Hill is ordered to pay Kelly the sum of $209,715.80 as attorney's fees and $22,896.11 as costs, such payment to be made on or before April 19, 2013. This action is also set for a status hearing at 9:15 a.m. April 10 to discuss whether it is appropriate to enter a final judgment terminating the case at this time, with jurisdiction being retained to resolve the pending (and really collateral) cross-motions for sanctions.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 3, 2013